UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALBERT RAY MOORE, <br><br> Plaintiff, <br><br> vs. <br><br> RORY YORK, NURSE JOHNS, JANES, and DOES, <br><br> Defendants. | Case No. 1:13-cv-00054-REB <br><br> **MEMORANDUM DECISION AND ORDER** |

Defendants Dr. Phillip Petersen, Kim Miller, Linda Gehrke, and Connie Smock have filed a Motion to Dismiss, which is now fully briefed. (Dkt. 12, 14, 15, 16.) All parties who have appeared to date have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 27.) *See* 28 U.S.C. § 636© and Fed. R. Civ. P. 73. Having reviewed the record in this matter, and having considered the argument of the parties, the Court concludes that oral argument is unnecessary, and enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

# REVIEW OF MOTION TO DISMISS

**1.    Background**

On June 13, 2011, while Plaintiff was a prisoner, he was thrown from his seat while riding in a prison transport vehicle. Plaintiff claims that the incident caused a left inguinal hernia. The fact that he suffered from a hernia was confirmed by prison medical staff in or about August 2011.

Plaintiff's condition worsened with time, and he was denied surgery several times. Plaintiff alleges that he was "in constant pain continually having to push his inside back inside." (Complaint exhibits, Dkt 3-5, p. 4.) In September 2011, his hernia was easily reducible, and he was required to wear a hernia belt. (Dr. Peterson Aff., Dkt 3-5, p. 32.) In October 2011, Plaintiff reported that he could no longer exercise. At that time, the hernia was "easily reducible when he was lying down," but "not as easily reducible when standing." He also had a "bit of a bulge." (*Id*. at p. 33.) Dr. Peterson "noted Petitioner's hernia to likely require repair, but that it was not emergent or medically necessary and thus surgery would be considered to be an elective procedure." (*Id*.)

Plaintiff filed this federal civil rights action on February 1, 2013, alleging that Defendants' failure to remedy his hernia condition with surgery amounted to a violation of the Eighth Amendment. Particularly, he alleged that Kim Miller failed to recommend surgery, Dr. Petersen failed to authorize surgery, and Linda Gehrke and Connie Smock wrongly concurred in those decisions.

Before beginning this action, Plaintiff had instituted a state court action on the

same subject matter in state court. The history of the state court action is relevant to Defendants' current defenses that Plaintiff already has adjudicated his claims to a conclusion, and that he is not entitled to do so again in a different forum, because he is unhappy with the outcome of that case.

Particularly, on May 18, 2012, in Fourth Judicial District Court Case No. CV-HC-2012-07412, *Albert Moore v. Rory York, et al.*, Plaintiff filed a state petition for writ of habeas corpus against the same parties and over the same subject matter as in this action. The State filed a motion to dismiss in that action, relying on Defendant Dr. Philip Peterson's affidavit, including the following:

> It should be noted that inguinal hernias such as the one that Petitioner suffers from are very common, and that while repair of this type of hernia is one of the most frequently performed surgical operations, treatment and observation in minimally symptomatic cases is acceptable and has equal outcomes as compared to surgical treatment as far as pain and suffering due to the low risk of incarceration (where adhesions develop between the wall of the hernial sac and the all of the intestine), whereas surgery carries significant risk of post herniorrhaphy pain syndrome (chronic groin pain lasting greater than three months after surgery.)
>
> At this time, surgical repair of Petitioner's hernia is not medically necessary and his condition has and continues to be monitored. It is my opinion that medical personnel have not acted in any way with deliberate indifference with regard to Petitioner's hernia, and that Petitioner has received appropriate medical treatment.

(Peterson Aff., Dkt. 3-5, p. 34.)

The motion to dismiss was granted, with the state district court concluding that Plaintiff had failed to show deliberate indifference, that Plaintiff had provided no medical evidence to support his contention that the hernia surgery was medically necessary, and

**MEMORANDUM DECISION AND ORDER - 3**

that the claim amounted to a mere disagreement between Plaintiff and his medical providers. (Dkt. 3-7, pp. 19-25.) Judgment for the State was entered on November 5, 2012, prior to the filing of the federal Complaint in this matter on February 1, 2013. Plaintiff's hernia was eventually surgically repaired while still in IDOC custody on July 26, 2013. Plaintiff was later released from custody, and gave this Court written notice of his release on November 26, 2013. (Dkt. 21.)

Plaintiff filed an appeal of the state district court ruling, but his request to proceed in forma pauperis was denied, because the state district court deemed the action frivolous. As a result, the Idaho Supreme Court eventually dismissed his appeal for failure to pay the filing fee.

Because Plaintiff believed that he was wrongfully prohibited from proceeding in forma pauperis on the appeal in the state court matter, he brought the same medical claims in his federal Complaint, including a claim centered on the state court's denial of in forma pauperis status. Plaintiff attached copies of the state court pleadings, papers, and orders in his state court case to his federal Complaint. (See Dkt. 3-1, *et seq.*)

In this action, the Court determined that the in forma pauperis claim was barred by absolute judicial immunity, but permitted the deliberate indifference claims to be served on Defendants, noting that Defendants could file a motion to dismiss, if appropriate. (Dkt. 9.)

Defendants filed a motion to dismiss, alleging that the state district court adjudicated to finality the issue of whether Defendants were deliberately indifferent in

**MEMORANDUM DECISION AND ORDER - 4**

failing to provide Plaintiff surgery for his hernia, preventing Plaintiff from proceeding on his claims of deliberate indifference in this action. (Dkt. 12.)

2.      **Standard of Law Governing Dismissal Motions**

Defendants assert entitlement to dismissal under Federal Rule of Civil Procedure 12(b)(1), lack of jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted. In determining a motion to dismiss, the court generally may not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). However, the court may consider attachments to the complaint and documents referred to in (even if not appended to) the complaint, where the authenticity of such document is not in question. *Id*. at 622-23. A court may also take judicial notice of matters of its own records, *In re Korean Air Lines Co., Ltd., Antitrust Litigation*, 642 F.3d 685, 689 n.1 (9th Cir. 2011), and public records, such as records and reports of administrative bodies. *Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994).

3.      **Claim Preclusion and Issue Preclusion**

        A.      *Applicability Between State and Federal Courts*

Claim preclusion and issue preclusion prevent parties and their privies from bringing or having to defend a claim or re-litigating an issue arising from the transaction that gave rise to the first suit. Both claim and issue preclusion are affirmative defenses that may be asserted in federal courts, regardless of where the original facts were tried, including, as is the case here, state courts. *See* 28 U.S.C. § 1738 (federal courts must afford full faith and credit to state judicial proceedings); *Migra v. Warren City Sch. Dist.*

*Bd. of Educ.*, 465 U.S. 75 (1984) (federal courts hearing § 1983 actions must give *res judicata* preclusive effect to state court judgments); *Allen v. McCurry*, 449 U.S. 90 (1980) (federal courts hearing § 1983 actions must give *collateral estoppel* preclusive effect to state court judgments). To determine whether a state court case should have preclusive effect on a federal action, federal courts apply the state's rules governing preclusion. *See Migra*, 465 U.S. at 83-85.

    B.    *Claim Preclusion*

Idaho law provides that the party asserting claim preclusion as an affirmative defense bears the burden of establishing all of its essential elements by a preponderance of the evidence. *Foster v. City of St. Anthony*, 841 P.2d 413, 420 (Idaho 1992). For claim preclusion to bar a subsequent action there are three requirements: (1) the same parties or privies; (2) the same claim; and (3) a final judgment. *Ticor Title Co. v. Stanion*, 157 P.3d 613 (Idaho 2007).

Whether claim preclusion should be applied begins with an analysis of the nature of the cause of action previously brought in the state court – here, a statutory habeas corpus petition. Because the Idaho habeas corpus cause of action does not allow a claim for damages, but instead is brought by a person whose freedom has been restrained for the purpose of obtaining injunctive relief, *see* Idaho Code § 19-4209 to 4212, the Court concludes that there was no fair opportunity to litigate Plaintiff's damages claims in the previous state court action. Thus, claim preclusion does not prevent Plaintiff from seeking damages in a second civil rights action. *Hiser v. Franklin*, 94 F.3d 1287, 1289 (9th Cir.

**MEMORANDUM DECISION AND ORDER - 6**

1996) (class action context); *Davis v. Halpern*, 813 F.2d 37, 39 (2d Cir. 1987); *Karamoko v. New York City Housing Authority*, 170 F.Supp.2d 372, 377 (S.D.N.Y. 2001).

In addition, because Plaintiff is no longer in prison and has already undergone hernia surgery, his claims for injunctive relief (an order to require prison officials to provide him with hernia surgery) are moot, and, thus, claim preclusion no longer applies.

C. *Issue Preclusion*

To determine whether the doctrine of issue preclusion is applicable, the court examines: (1) whether the party against whom the prior decision is asserted had a full and fair opportunity to litigate the issue in the earlier case; (2) whether the issue decided in the prior case was identical with the one presented in the subsequent litigation; (3) whether the issue was actually decided in the prior litigation; (4) whether there was a final judgment on the merits; and (5) whether the party against whom the prior decision is asserted is the same party, or in privity with a party, in the prior case. *Anderson v. City of Pocatello*, 112 Idaho 176, 183-84, 731 P.2d 171, 178-79 (1986) (relying on *Bernhard v. Bank of America Nat. Trust & Savings Ass'n*, 19 Cal.2d 807, 122 P.2d 892, 895 (1942)).

(1) <u>Full and Fair Opportunity to Litigate</u>

Whether Plaintiff had a full and fair opportunity to litigate the question of Defendants' alleged deliberate indifference in state court is at issue. While Plaintiff's state habeas corpus action involved the same federal constitutional issues, it is somewhat different from an action brought under 42 U.S.C. § 1983. A major difference is that, in a state habeas corpus action, there is ordinarily no right to discovery. *See* Idaho Code § 19-

4209 & -4210. However, discovery can be ordered, if the state court deems it necessary. Plaintiff has submitted an order from his state court action showing that he was twice denied the opportunity to conduct any discovery. (Dkt. 3-1) *Cf. Hawkins v. Risley*, 984 F.2d 321, 325 (9th Cir. 1993) (res judicata properly applied where "the state court allowed Hawkins to submit briefs, present evidence, and cross-examine the state's witnesses").

After reviewing the state court records and the filings in this case, the Court concludes that Plaintiff has not shown that the lack of discovery affected the outcome of his case. Plaintiff had access to his medical records. Plaintiff has not made a convincing argument as to what more could have been obtained in discovery. Dr. Peterson laid out the course of medical care, which included seven visits. Dr. Peterson said that surgery would be required to repair the hernia at some point in time; the only issue before that court was whether it was necessary at the point in time Plaintiff filed his lawsuit.

Importantly, Plaintiff had an opportunity to rebut Dr. Peterson's opinion with another medical opinion, but he did not do so. He cannot now bring forward new evidence that was not in existence at the time of the prior law suit, but instead should have brought it in the state habeas corpus action. Based on the particular facts and cause of action at issue in Plaintiff's case, the Court concludes that Plaintiff was afforded a full and fair opportunity to litigate his claims in the state court action, because it was his failure to obtain a medical expert or to make an adequate argument based on the facts that were contained in the state court record – not a lack of discovery from Defendants – that

caused dismissal of his claims.

    (2)  <u>Other Elements of Issue Preclusion</u>

Based on the record before the Court, the issue of whether Defendants were deliberately indifferent to Plaintiff's medical care between June 13, 2011, and November 5, 2012, was one of the issues decided in the state habeas corpus case. However, issues arising from medical care after November 5, 2012 were not litigated in the habeas corpus case, and can be pursued here, provided that Plaintiff exhausted his state court remedies after November 5, 2012. Similarly, as to the pre-November 5, 2012 medical care, it is clear that there was a final judgment on the merits, and that the parties or their privies are the same in both cases.

**4.**  **Conclusion and Disposition of Remaining Requests**

Accordingly, the Court will grant Defendants' Motion to Dismiss as to issue preclusion regarding Defendants' lack of deliberate indifference between June 13, 2011 and November 5, 2012, because the element is essential to Plaintiff's claims during that time period. However, issues and claims pertaining to care provided after November 5, 2012, are not precluded. Because it is unclear whether Plaintiff included such care in his Complaint, and it is further unclear whether Plaintiff exhausted his administrative remedies again for care that was provided after November, 5, 2012, the date his habeas corpus petition was denied, the Court concludes that no prejudice to Plaintiff will result from a dismissal without prejudice.

Plaintiff may file a new lawsuit if he wishes to pursue any post-November 5, 2012

**MEMORANDUM DECISION AND ORDER - 9**

claims. Plaintiff will not be prejudiced, as he is still within his two-year statute of limitations time period, he can avoid the requirement of exhaustion now that he is not incarcerated, and he has paid no portion of the filing fee in this action. Should Plaintiff decide to bring a new suit to pursue these claims, he will be required (1) to show that he remains qualified for in forma pauperis status, by filing a new affidavit of income and expenses, or (2) to pay the $400 filing fee.

The Court further concludes that Defendants' alternative argument that the current lawsuit is barred by the *Rooker-Feldman* doctrine is moot.[1] Defendants' request for an award of attorney fees and costs is denied, because a portion of Plaintiff's case remains viable. Defendants' motion to strike Plaintiff's sur-reply will also be denied, so that Plaintiff, a pro se individual without any legal expertise, has an opportunity to fully explain his position.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion for Dismissal (Dkt. 12) is GRANTED to the extent that Plaintiff's claims between June 13, 2011, and November 5, 2012, are DISMISSED with prejudice; the Motion (Dkt. 12) is DENIED to the extent

---

[1] Plaintiff may not challenge a state court decision by bringing a civil rights action. A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "This rule applies even though . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* at 486 (internal citation omitted). This rule of law is known as the "*Rooker-Feldman* doctrine."

that Plaintiff's claims after November 5, 2012 are DISMISSED without prejudice to bringing them in a new complaint.

2. Defendants' Motion to Strike Plaintiff's sur-reply ("Answer Reply Memo") (Dkt. 17) is DENIED.

3. Plaintiff's Motion to Deny Defendants' Motion to Dismiss (Dkt. 28), asserting that he did not receive a copy of the motion, is DENIED, as Plaintiff earlier filed a response and a sur-rely to the motion.

DATED: February 19, 2014

**Honorable Ronald E. Bush**
**U. S. Magistrate Judge**